IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| NATHAN CHOI, and TACOMA PROFESSIONAL PLAZA, LLC, | No. 77551-1-I |
| Appellant, | |
| v. | |
| JOSEPHENE CHOI and JOHN DOE & JANE DOES 1-10, DOE ENTITIES 1-10, All whose true names are unknown at this time, | UNPUBLISHED OPINION |
| | FILED: April 22, 2019 |
| Respondent. | |

VERELLEN, J. — Nathan Choi appeals the summary judgment order dismissing his lawsuit against Josephene Choi and others arising out of the sale of commercial property. However, he fails to provide an adequate record for review, citations to the record, citations to authority, or meaningful legal analysis. Because these deficiencies are fatal to his appeal, we affirm.

FACTS

Nathan and Josephene divorced in 2016.[1] At some point in 2017, Nathan filed a lawsuit against Josephene and others in which he asserted claims of fraud, negligence,

___

[1] We use the first names of the parties for ease of reference. Additionally, because we have issued prior opinions discussing the parties' marital dissolution and the appointment of a special master to preside over the sale of their commercial property, we will not repeat them here. See In re Marriage of Choi, No. 74569-7-I (Wash. Ct. App. Apr. 24, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/745697.pdf, review denied, 189 Wn.2d 1032, 407 P.3d 1154 (2018); In re Marriage of Choi, No. 76551-5-I (Wash. Ct. App. Nov. 5, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/765515.pdf.

and breach of fiduciary duty. The crux of Nathan's lawsuit is that Josephene engaged in conduct that resulted in their commercial property being sold to one of Josephene's friends for $600,000 below the true market value. Josephene moved for summary judgment, arguing the special master had exclusive jurisdiction to arbitrate the claims Nathan raised regarding the sale of the commercial property. The trial court dismissed Nathan's lawsuit with prejudice, concluding that a special master had been appointed to preside over the issues Nathan raised in his lawsuit.

## ANALYSIS

Nathan, who is an attorney licensed in Hawaii and Washington, focuses his appeal on the premise that the dispute in his lawsuit against Josephene is separate from the dissolution action in which the special master had authority to sell the parties' commercial property.

Even if we accept Nathan's premise that the sale of the commercial property as ordered in the dissolution matter could support a separate cause of action apart from the dissolution itself, the record on appeal does not include a copy of the complaint Nathan filed in this matter.[2] While his brief includes vague references to fraud and tort, Nathan does not include any legal authorities addressing the elements or substance of any precise causes of action he has actually plead in this separate lawsuit.[3]

---

[2] The record only contains Josephene's dispositive motions, Nathan's declarations in response to those motions, the order granting summary judgment, and the order confirming the special master's decision. CP at 1, 69, 97, 188, 189, 192, 197.

[3] See Appellant's Br. at 6-9; Reply Br. of Appellant at 3-6.

As the appellant, Nathan has the obligation to provide an adequate record on appeal.[4] He also has the burden to provide authority supporting his legal theories on appeal.[5] Nathan's appeal violates both of these rules. We conclude the deficiencies in the briefing and the record preclude review and are fatal to this appeal.

Therefore we affirm.

WE CONCUR:

---

[4] RAP 9.6(b)(1)(C) requires that the record, at a minimum, shall include "the summons and complaint or case initiating petition in a civil case." Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988).

[5] RAP 10.3(a)(6) requires parties to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Arguments that are not supported by pertinent authority or meaningful analysis need not be considered. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1997) (arguments not supported by adequate argument and authority).